277 So.2d 170 (1972)
Lawrence E. KENNARD, Jr., Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 9028.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Dissenting Opinion January 16, 1973.
On Rehearing April 12, 1973.
Davis A. Gueymard, Hynes & Gueymard, Baton Rouge, for plaintiff-appellant.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellee.
Before SARTAIN, BLANCHE and EVERETT, JJ.
SARTAIN, Judge.
The incident giving rise to this litigation occurred when the plaintiff, Lawrence E. Kennard, Jr., was injured when a cable broke on a crane which he was operating for his employer, Thomas Scrap Materials, Inc., and back-lashed, striking him across the head and face. He alleges that the cable would not have broken if a protective thimble would have been used where the cable is attached to the eye of a large demolition ball and that a protective screen would have shielded him from injury.
*171 He brought this action against his employer's compensation carrier, Liberty Mutual Insurance Company (Liberty Mutual), alleging, inter alia, that at the time of the occurrence of the injury Liberty Mutual had issued a policy of compensation insurance covering the employees of Thomas Scrap Materials, Inc., and as such made periodic safety engineering inspections; that Liberty Mutual had a duty to exercise reasonable care in ascertaining and reporting on conditions or lack of safety devices constituting risks or hazards to him, and other employees; and that the representative of Liberty Mutual knew or should have known that its insured did not provide the aforementioned safety features. However, the pertinent allegation in plaintiff's petition is Article VIII thereof which we quote in its entirety:

"VIII.
"To the best of your petitioner's information and belief, said defendant carelessly and negligently failed to detect and report the hazardous and risky lack of protective devices referred to in paragraphs IV and VII hereof, and that such negligence was the proximate cause of the injury to petitioner."
Liberty Mutual filed a peremptory exception of no cause of action and a motion for summary judgment. The only evidence offered relative to the motion for summary judgment is a copy of the insurance policy which contains the following provision:
"INSPECTION AND AUDIT The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe."
The trial judge in his written reasons for judgment in essence concluded that the above quoted policy provision and an ensuing inspection is for the benefit of the employer with regard to any prospective liability the employer may have under the Workmen's Compensation Act and that the reason and purpose for such inspection is for the benefit of the parties to the insurance agreement. "There is no intention by the employer or the carrier that such inspections by the carrier should be for the benefit of third parties. The employer may owe a duty to employees to inspect plant and equipment for safety deficiencies. This court does not find, however, such a duty to inspect for safety deficiencies in the insurance carrier."
We agree that the insurance provision itself does not impose upon the insurance carrier the duty to inspect. However, the pivotal issue as we view the problem is "What are the consequences of an inspection which is alleged to have been negligently made?".
On appeal, plaintiff urges that he is not suing the defendant as the compensation carrier of his employer but is suing the defendant as a third party tort feasor.
Defendant has answered the appeal and urges that the trial judge erred in limiting his decision to the holding that no duty was reposed in the carrier but should have held that plaintiff's exclusive remedy for the injuries sustained by him is for workmen's compensation benefits.
We quoted Article VIII of plaintiff's petition to lend emphasis to his contention that he is suing defendant as a third party tort feasor. For the purpose of considering the exception of no cause of action the allegations contained in Article VIII must be accepted as true. The allegations in the petition must be construed most favorably to the plaintiff's cause of action and the exception must be overruled *172 unless the allegations exclude every possible hypothesis of admissible facts other than those which would preclude the plaintiff's right to recover. LSA-C.C.P., art. 927; Caronna v. Louisiana Department of Highways, 208 So.2d 430, La.App. 4th Cir. (1968); writ refused at 252 La. 165, 210 So.2d 52, and Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518, La. App. 3rd Cir. (1965).
Agreeing with the argument that the defendant owed no duty to the plaintiff to make an inspection, the circumstances of this case, which can only be viewed after a trial on the merits, may well support a finding of liability where, though not obligated to inspect, defendant gratuitously did inspect. Louisiana has recognized the "Good Samaritan Rule" which recognizes that although there is no duty on a person to perform a certain act there is nevertheless the requirement that if such an act is undertaken it must be pursued in a reasonable and prudent manner. Marsalis v. La Salle, 94 So.2d 120 (Orls., La.App., 1957); writs refused. 18 L.L.R. 584.
In Section 324A (1965) of the American Law Institute Restatement of Torts is found the following:
"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to a third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."
Probably the most comprehensive case dealing with gratuitous services performed by an employer's compensation carrier is Nelson v. Union Wire Rope Corporation, et al., 31 Ill.2d 69, 199 N.E.2d 769 (1964). In Nelson the general views, majority and minority, of a substantial portion of the courts of this country are considered. Generally speaking, those states which preclude such an action as asserted in the case at bar have provisions in their respective Workmen's Compensation Act which limit an employee's rights for injuries growing out of an industrial accident exclusively to compensation benefits and prohibit suits against third party tort feasors. On the other hand, states which permit suits against third party tort feasors contain provisions similar to those found in our own Workmen's Compensation Statutes, more particularly, R.S. 23:1101. The subject statute reads as follows:
§ 1101. Employee and employer suits
 against third persons causing
 injury; effect on right to compensation
When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury." (Emphasis ours)
* * * * * *
It is for these reasons that we hold that the trial judge committed manifest error *173 when he concluded that the defendant owed no duty to plaintiff where the allegations contained in plaintiff's petition clearly assert that defendant gratuitously undertook an inspection and performed the same in a negligent and careless manner. To affirm the decision of the judge a quo would result in a holding that under no circumstances is an inspection engineer of a compensation carrier liable to an employee of its insured when an inspection is performed in a negligent manner. We think it unwise at this juncture to so hold and deem it best to recognize that each case should be decided on its own particular facts and circumstances because the inspections in question may vary in many ways.
Accordingly, the judgment of the District Court sustaining the exception of no cause of action and granting a motion for summary judgment in favor of the defendant is reversed and set aside and this cause is remanded to the District Court for trial on the merits. The cost of this appeal is assessed against the defendant. All other costs are to await a final determination on the merits.
Reversed and remanded.
BLANCHE, Judge (dissenting).
The defendant's only connection with this case is that it is the workmen's compensation carrier of plaintiff's employer and as such reserved unto itself by virtue of a provision in the insuring agreement the right to make an inspection of the insured's premises for its own purposes. The trial judge recognized this when he found the defendant owed no duty to the plaintiff. Even if the so-called common law "Good Samaritan Rule" were applicable to the case here, it would not apply in the absence of a finding of some duty owed by the defendant to the plaintiff.
In Marsalis v. La Salle, 94 So.2d 120 (Orls., La.App.1957), writs refused, cited by the majority, the defendant failed in the duty which the Court found it owed the plaintiff, even though initially the defendant owed no duty whatsoever to plaintiff. The Court in the Marsalis case recognized the necessity for the existence of a legal duty as a predicate for liability when it stated:
"In Weadock v. Eagle Indemnity Co., La.App., 15 So.2d 132, 138, the Court of Appeal for the Second Circuit had this to say:
"Every tort action embraces three distinct elements, viz.:
"1. Existence of legal duty from defendant to plaintiff;
"2. Breach of that duty, and
"3. Damage as a proximate result.'"
(Marsalis v. La Salle, 94 So.2d 120, 124)
A mere reading of the contractual provision as set forth in the majority opinion clearly shows that the inspection which may or may not be made by the defendant would not be either for the benefit of plaintiff or his employer, and under this circumstance a legal duty owing from defendant to plaintiff is absent.
I am in full agreement with defendant's learned counsel when he submits that plaintiff's exclusive remedy is under the workmen's compensation law. Plaintiff was injured in the course and scope of his employment but he did not sue his employer because he could not.
LSA-R.S. 23:1032 provides, in part:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
Defendant was the workmen's compensation insurer of plaintiff's employer on the date of the alleged accident, and it cannot *174 be sued on the alleged cause of action of plaintiff any more than plaintiff's employer can be used for such damages.
LSA-R.S. 23:1166 provides, in part, as follows:
"When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer's business * * * and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen's compensation act. * * *" (Emphasis supplied)
The foregoing considered, I respectfully dissent.

ON REHEARING
Before LANDRY, SARTAIN and BLANCHE, JJ.
BLANCHE, Judge.
We find that no legal duty was owed by the defendant-workmen's compensation insurer to the plaintiff-employee of its insured, nor was there any undertaking, either gratuitously or otherwise, by the insurer to make an inspection for plaintiff's benefit. The provision in the insuring agreement concerning the performance of safety inspections by the insurer negates such a duty. It is to be noted that the insurer is "permitted but not obligated" to inspect the premises of the insured; but "neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe."
From the foregoing it is clear that any inspections made by the insurer are made only in connection with the contract between the insurer and its insured. Accordingly, we fail to comprehend how the insurer's obligation by virtue of any inspection it may make is greater to the plaintiff, with whom it has no contract, than it is to its insured. If the plaintiff is correct, then he may claim that the inspection made by the insurer was an undertaking for his benefit to determine that he had a safe place in which to work, even though his employer could not make such a claim. Counsel for defendant sharply commented, "This is a strange stretching of a contractual provision if the plaintiff is correct."
For the defendant to be liable to plaintiff, there must be some legal duty from defendant to plaintiff and a breach of that duty. In Weadock v. Eagle Indemnity Company, 15 So.2d 132, 138 (La. App. 2nd Cir. 1943), the elements of a tort action are summarized as follows:
"Every tort action embraces three distinct elements, viz.:
"1. Existence of legal duty from defendant to plaintiff;
"2. Breach of that duty; and
"3. Damage as a proximate result."
In view of the foregoing holding which disposes of the case in defendant's favor, it is unnecessary for us to decide defendant's other contention, i. e., whether plaintiff's sole remedy against his employer's workmen's compensation insurer is under the Workmen's Compensation Act.
The judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.
SARTAIN, J., dissents for reasons assigned in the original opinion.