431 So.2d 68 (1983)
Danny J. HEATH
v.
B.J. HUGHES, INC. et al.
No. 82-CA-0622.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Kenneth Ray Rush, G. Earl Humphries, III, Law Offices of Ray Rush, Oakdale, for Danny J. Heath, plaintiff, appellant.
Vincent P. Fornias, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for B.J. Hughes, Inc., defendant.
Daniel R. Atkinson, Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, *69 for Goldrus Drilling Co. and Aetna Cas. & Sur. Co., defendants.
James E. Moore, Franklin, Moore & Walsh, Baton Rouge, for Neal Bridges and Aetna Cas. & Sur. Co., defendants, appellees.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff appeals the summary judgment granted to Aetna Casualty and Surety Company and Neal Bridges, defendants herein. We affirm.

BACKGROUND FACTS
Plaintiff was injured while working on a drilling rig for Goldrus Drilling Company. Plaintiff first sued Goldrus and others in tort, alleging that his injuries were caused by the intentional act of his employer. This suit, however, was dismissed by summary judgment. Subsequently, plaintiff amended his petition and brought this tort action against Aetna, Goldrus' workmen's compensation insurer, and Neal Bridges, a safety inspector for Aetna. Plaintiff alleges that his injuries are due to Bridges' negligent safety inspections, for which Aetna is responsible. Aetna and Bridges filed a motion for summary judgment, which was granted by the trial court. On appeal, plaintiff urges that summary judgment was improper, on the grounds that:
(1) A material fact existed, i.e., whether Aetna received a fee for inspecting the rig.
(2) The defendants owed plaintiff a duty to warn him of the dangerous conditions on the rig by virtue of their safety inspections.

DUTY OF AETNA
The pertinent part of Aetna's workmen's compensation insurance policies provides:
"The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation."
Almost the exact factual setting and policy language confronted this court in Kennard v. Liberty Mutual Insurance Company, 277 So.2d 170 (La.App. 1st Cir.1973), where we held that a workmen's compensation insurer owed no duty to the employee of its insured even though it conducts safety inspections of the work place. As in Kennard, the above policy language makes it clear that the inspections were made only in connection with the contract of insurance, and not for the benefit of plaintiff. Additionally, the presence or absence of a fee for the inspections is irrelevant under Kennard.

DECREE
Accordingly, for the above-expressed reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.