731 F.2d 266
 Enola TAYLOR, Plaintiff-Appellant,
v.
JIM WALTER CORP., et al., Defendants,
Aetna Casualty & Surety Co., et al., Defendants-Appellees.
Ella Mae Walker STIMAGE, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY CO., et al., Defendants-Appellees.
Melvin BENNETT, et al., Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY CO., et al., Defendants-Appellees.
 No. 83-3625
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 May 3, 1984.
 Wiedemann & Fransen, Allain F. Hardin, New Orleans, La., for plaintiffs-appellants.
 Bienvenu, Foster, Ryan & O'Bannon, P.A. Bienvenu, New Orleans, La., for Indus. Risk Insurers, et al.
 Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, La., for Rollins Burdick Hunter Co.
 George R. Blue, Jr., Metaitie, La., for Exide Corp.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 Two employees died and a number were injured in an explosion and fire at the Celotex Corporation's plant in Marrero, Louisiana on August 3, 1981. They or their representatives filed suit alleging that the explosion was caused by a spark from an electric transporter truck used to move fiberboard in the flammable atmosphere of Celotex' curing yard. Among the defendants were Celotex and several manufacturers of products allegedly involved in the explosion. The plaintiffs also sued Celotex' fire and business loss insurance carrier, Industrial Risk Insurers (IRI) and its many member companies, alleging that IRI undertook to inspect the Celotex plant and that its negligent inspection was among the causes of the explosion. The district court granted IRI's motion for summary judgment and directed entry of final judgment. We affirm.
 
 
 2
 IRI issued two fire insurance policies in effect when the explosion and fire occurred. One protected Celotex and its parent, Jim Walter Corp., against loss of property, and the other against loss by business interruption. IRI did inspect Celotex' plant periodically, but neither policy obligated IRI or its member companies to perform safety inspections:
 
 
 3
 The Companies shall be permitted but not obligated to inspect the Insured's property and operations at any reasonable time. Neither the right to make inspections nor the making thereof nor any advice or report resulting therefrom shall constitute an undertaking, on behalf of or for the benefit of the Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.
 
 
 4
 All agree that the law of Louisiana governs, and that law is clear. In both Kennard v. Liberty Mutual Insurance Co., 277 So.2d 170 (La.App.1973), and Heath v. B.J. Hughes, Inc., 431 So.2d 68 (La.App.1983), Louisiana's intermediate court of appeals rejected negligent inspection claims of the kind asserted here. The plaintiffs seek to distinguish Kennard and Heath as involving worker's compensation carriers immune from suit by Louisiana statute. Yet both cases construed policy language substantially identical to the provision in the IRI policy, and both were decided squarely on the ground that the insurance carrier owed no duty to the employees of the insured "even though it conduct[ed] safety inspections of the work place." Heath, 431 So.2d at 69; see Kennard, 277 So.2d at 174 (reversing decision of original panel on rehearing).
 
 
 5
 We are bound by the decisions of the intermediate appellate court in Kennard and Heath absent a "strong showing" that the Louisiana Supreme Court would hold to the contrary. Mott v. Mitsubishi International Corp., 636 F.2d 1073, 1074 (5th Cir.1981); see Birmingham Fire Insurance Co. v. Winegardner and Hammons, Inc., 714 F.2d 548, 550 (5th Cir.1983). In view of these direct precedents, we must decline the plaintiffs' invitation to follow dicta in Day v. National U.S. Radiator Corp., 241 La. 288, 128 So.2d 660, 666 (1966), for Day held that an architect's contract with the owner of a building did not obligate the architect to inspect a boiler during its installation. Kennard and Heath also foreclose reliance on the "Good Samaritan" doctrine announced in Marsalis v. La Salle, 94 So.2d 120 (La.App.1957). See Restatement (Second) of Torts Sec. 324 (1965). Finally, neither our construction of the federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901-950 (1976), in Johnson v. American Mutual Liability Insurance Co., 559 F.2d 382 (5th Cir.1977), nor our interpretation of Florida law in Hill v. United States Fidelity and Guaranty Co., 428 F.2d 112 (5th Cir.1970), undermine the conclusion that Louisiana law affords no negligent inspection claim against IRI.
 
 
 6
 AFFIRMED.