GULOTTA, Judge.
Plaintiff appeals from a summary judgment dismissing his tort claim against his employer’s liability insurer. Plaintiff’s contention is that the exclusive worker’s compensation remedy is not applicable where the insurer has the duty to inspect its insured’s work place and has failed to carry out that responsibility. We affirm.
The petition alleges that on August 15, 1979, Gerald Tomasich, while in the course and scope of his employment at S.K. Whitty & Company (Whitty), received an injury to his arm when using a piece of equipment designed and built by Whitty. United States Fidelity and Guaranty Company (USF & G) was Whitty’s liability insurer at the time of the injury. Plaintiff seeks to assess liability against USF & G based on the insurer’s failure to carry out its duty of inspection of its insured’s work place.
The sole question therefore confronting this court in the instant case is whether such a duty is imposed upon the insurer.
The pertinent provisions of USF & G’s policy provide:
“The Company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the work places, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe or healthful, or are in compliance with any law, rule or regulation.
*192 Although we have not been cited nor have we found any Louisiana Supreme Court or Fourth Circuit cases interpreting whether policy provisions similar to the instant one impose the duty of inspection, our brothers on the First Circuit in Kennard v. Liberty Mutual Insurance Company, on rehearing, 277 So.2d 170 (La.App. 1st Cir.1973) held that the policy provisions imposed no such duty on the insurer, despite the fact that inspections were conducted. See also Heath v. B.J. Hughes, Inc., 431 So.2d 68 (La.App. 1st Cir.1983).
When we consider the policy provisions in the instant case together with the holdings in Kennard and Heath, to which we subscribe, we are led to conclude that no duty of inspection exists. Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.