517 So.2d 469 (1987)
Dena HOOD
v.
SOUTH LOUISIANA MEDICAL CENTER, South Louisiana Medical Associates, Ochsner Clinic, et al.
No. CA 86 1507.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*470 Randy J. Ungar, New Orleans, for plaintiff and appellantDena Hood.
Suzanne P. Keevers, New Orleans, for defendant and appelleeSouth Louisiana Medical Associates.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
Plaintiff appeals the trial court's judgment granting a motion for summary judgment filed by her employer, South Louisiana Medical Associates. The sole issue on appeal is the "intentional act" exception to the immunity of an employer in tort.
We affirm.
On August 23, 1984, while in the course and scope of her employment, plaintiff was injured when she tripped on the carpet as she was exiting the trailer where she worked in Houma, Louisiana. Plaintiff filed suit against South Louisiana Medical Center, South Louisiana Medical Associates, Ochsner Clinic, State of Louisiana, and/or any state agency charged with the responsibility of maintaining the building at 1978 Industrial Boulevard, Houma, Louisiana. Plaintiff sought damages in tort based on negligence and strict liability.
Defendant, South Louisiana Medical Associates (SLMA), filed a Motion for Summary Judgment to have the plaintiff's tort claim dismissed, based on the facts that, on the date of her injury, Dena Hood was an employee of SLMA and, due to her injury, she received worker's compensation benefits. Defendant contended that, as a matter of law, the exclusive remedy available to plaintiff was worker's compensation, as provided by LSA-R.S. 23:1032 of the Louisiana Worker's Compensation Act.
Plaintiff filed a Motion to Amend her original petition to add the allegation that SLMA intended to cause her harm by failing to maintain the rug where she fell. The trial judge denied defendant's motion for summary judgment, finding that defendant treated the motion as if it were an exception of no cause of action, discussing only the allegations of plaintiff's petition. In written reasons for judgment, the trial judge concluded that defendant failed to demonstrate sufficient evidence showing that there was no material fact issue as to defendant's intent.
Defendant, SLMA, filed a second Motion for Summary Judgment and submitted the deposition of Dena Hood in support thereof. This deposition disclosed the following facts: (1) the carpet in question was bunched up against the metal stripping which holds down the carpet in the doorway of the trailer; (2) the carpet caught the heel of plaintiff's shoe and she tripped; (3) plaintiff was aware of problems with the carpet and these problems had been reported to the maintenance department and the supervisor in charge of the trailer; and (4) plaintiff stated that no one person intended her injury, nor did anyone do anything to make certain that her accident occurred.
Plaintiff re-submitted her original memorandum in opposition to defendant's motion, along with her own affidavit claiming that defendant intended to cause her harm by its total disregard for her safety. The trial court granted the motion for summary judgment, dismissing SLMA as a defendant *471 from plaintiff's suit. Plaintiff argues on appeal that there are material issues of fact in dispute pertaining to defendant's intent to harm plaintiff.
In order to avoid the general rule that an employee's exclusive remedy for a job related injury is worker's compensation, the employee must prove that the injury resulted from an intentional act. LSA-R.S. 23:1032; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). The Louisiana Supreme Court, in Bazley v. Tortorich, 397 So.2d 475 (La.1981), gave definition to the term "intentional act" in the context of the above mentioned statute:
The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. (Bazley, at 481.)
In the instant case, plaintiff stated in a deposition that no one employed by defendant, SLMA, desired to bring about her injuries. Therefore, we are only concerned with the second aspect of the Bazley testwhether or not plaintiff's injury was "substantially certain" to result from defendant's failure to maintain the carpet in a safe condition. "Substantially certain" requires more than a reasonable probability that an accident or injury will occur and "certain" has been defined as "inevitable" or "incapable of failing." Snow v. Gulf States Utilities Co., 492 So.2d 31 (La.App. 1st Cir.), writs denied, 496 So.2d 349 and 356 (La.1986). Thus, even though a defendant's conduct is negligent, or even grossly negligent, that conduct is not such as will allow the legal imputation of intent. Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985).
A motion for summary judgment by an employer is the proper procedure to object to an employee's general allegations that injuries resulted from an intentional tort. Mayer v. Valentine Sugars, Inc., supra. Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
In this case, plaintiff supported her allegations of intent by mere conclusory statements. No facts surrounding SLMA's purported intent were alleged or proved. Plaintiff's claims of fault by SLMA are really allegations of failure to furnish an employee with a safe place to work. Although the condition of the carpet may have presented a dangerous situation which, at most, could be said to have made the occurrence of an accident likely, the circumstances fall short of indicating that injury to this plaintiff was inevitable or substantially certain to occur. Although SLMA's failure to maintain the carpet may constitute negligence, as such, SLMA was not guilty of an intentional act within the meaning intended in the statute.
Therefore, for foregoing reasons, the judgment of the trial court granting defendant South Louisiana Medical Associates' motion for summary judgment is affirmed. The costs of this appeal are assessed to the plaintiff.
AFFIRMED.