542 So.2d 99 (1989)
Huey G. KENT, et al.
v.
JOMAC PRODUCTS, INC., et al.
No. CA 88 0017.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
W. Lee Overton, Clinton, for Huey Kent, et al.
Dennis Hauge, Baton Rouge, for Allied Corp.
Michael Harig, Baton Rouge, for Jomac Products, Inc., et al.
Richard Thomas, Baton Rouge, for Security & Supply, Inc.
Jeffery Paul Robert, Baton Rouge, for Travelers Ins. Co., et al.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
Plaintiffs appeal the trial court's granting of two summary judgments dismissing their personal injury suit against Allied Corporation and Travelers Insurance Company, defendants herein. The issues presented are: 1) whether the "intentional act" exception to an employer's tort immunity for work-related injuries to an employee is applicable in this case, and 2) whether a worker's compensation insurer who has inspected its insured's workplace has a duty to warn employees of the insured of *100 any defective conditions it discovers or should have discovered.

FACTS
Plaintiff, Huey G. Kent, was injured during the course and scope of his employment with Allied Corporation. Kent was employed as a mechanic in the genetron maintenance area of the Allied plant, which, on the date of the accident, was undergoing a semi-annual inspection and turnaround. Pursuant thereto, two hydrofluoric (HF) acid vaporizers in a HF recycle tank were pressurized with nitrogen and bled down to a venturi scrubbing system through copper tubing to remove any remaining HF acid. Shortly after this process began, the tank's drain valve system became plugged. Kent was assigned the task of unplugging it.
After donning protective equipment consisting of gloves, a hood, a rubberized suit, and other protective clothing, Kent began removing the copper tubing from the drain valve at the bottom of the recycle tank. Shortly after he disconnected the tubing, HF acid sprayed out of the tubing onto his right hand and arm causing third-degree burns.
A personal injury suit was subsequently filed by Huey Kent, Margaret Jeanette Kent, his spouse, and Karmon Keith Kent, Kahne Ward and Kimbra Lamonte, the major children of Huey and Margaret Kent. Allied Corporation and its worker's compensation carrier, Travelers Insurance Company, were named as defendants, along with the manufacturers of various pieces of the protective clothing worn by Kent and their respective insurers. Allied and Travelers each filed a motion for summary judgment, both of which were granted by the trial court. Plaintiffs have appealed.

ISSUE ONE
Plaintiffs' suit against Allied is based in tort. In order to avoid the general rule that an employee's exclusive remedy against his employer for a work-related injury is worker's compensation, plaintiffs must establish that Mr. Kent's injury was the result of an "intentional act." La.R.S. 23:1032; Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir. 1987). The Supreme Court has held that "intent" within the context of La.R.S. 23:1032 means either that the defendant consciously desired to bring about the physical result of his act or believed they were substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So. 2d 475 (La.1981). The language "substantially certain to follow" requires more than a reasonable probability that an injury will occur; certain has been defined to mean "inevitable" or "incapable of failing." Hood v. South Louisiana Medical Center, supra.
Plaintiffs do not contend that any Allied employee consciously desired to injure Mr. Kent. They rely instead on the second prong of the Bazley definition of "intentional act". An affidavit filed by Mr. Kent included the following contentions:
... [U]nder the circumstances of this particular injury, ... Allied knew or should have known that the closing of the valve at the "nozzle" end [of the copper tubing], either before or too soon after the closing of the valve at the "faucet" end would be substantially certain to cause injury, as it would leave a great amount of pressure on the [plugged copper] tubing that ... [Mr. Kent] would be disconnecting and particularly in view of the fact that this particular tubing did not have the bleed down valve which would have been economical to install and in view of the fact that Allied did not supply the proper safety equipment and/or instructions. (emphasis added)
The same basic contentions were made in plaintiffs' pleadings and in affidavits filed by two of Mr. Kent's former co-workers at Allied.
Initially, we note that it is irrelevant whether Allied's employees should have known that Mr. Kent's injuries were substantially certain to follow from their actions. Wong v. Stanley, 505 So.2d 109 (La.App. 4th Cir.), writ denied, 506 So.2d 1226 (La.1987). Bazley requires actual knowledge. Id. If the employees did not *101 actually know of the danger of injury, even if they should have known, their conduct was negligent rather than intentional.
Further, plaintiffs' contentions that Allied employees knew Mr. Kent's injury was "substantially certain" to follow from their actions are merely conclusionary statements of which there is no corroborating evidence. No surrounding facts or circumstances are cited in support thereof. Also, plaintiffs could have, but chose not to depose the employees on duty at the time of his injury to determine the scope of their knowledge of the incident. Mere allegations that a defendant knew injury was substantially certain to follow are insufficient to raise an issue of material fact regarding an intentional tort. Redding v. Essex Crane Rental Corp., 500 So.2d 880 (La.App. 1st Cir.1986), writ denied, 501 So.2d 774 (1987); Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La.App. 5th Cir.) writ denied, 497 So.2d 1388 (1986).
A motion for summary judgment should be granted when the pleadings, depositions, admissions on file, and answers to interrogatories, together with the affidavits filed, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B. In this case, plaintiffs' pleadings and affidavits only raise issues as to whether defendants were negligent. Due to the exclusivity provision of the worker's compensation statute, negligence is not a material fact. After careful review, we agree with the trial court's conclusion that there is no issue of material fact regarding whether Mr. Kent's injuries resulted from an intentional act within the meaning of La.R.S. 23:1032. Accordingly, the trial court did not err in granting summary judgment in favor of Allied.

ISSUE TWO
Plaintiffs also argue the trial court erred in granting summary judgment in favor of Travelers. Initially, we note that Travelers was not sued in its capacity as Allied's worker's compensation insurer. Rather, plaintiffs maintain that Travelers is liable to them because of its failure to warn Allied and/or its employees of the allegedly defective safety equipment used at the Allied plant, even though Travelers had conducted inspections at the plant and knew or should have known of the defective equipment.
The worker's compensation policy issued to Allied by Travelers contains the following provision regarding inspections of the plant:
We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.
The language of this provision clearly indicates that any inspections conducted by Travelers were solely for the benefit of the parties to the contract. It specifically excludes any suggestion that the inspections were "safety inspections" conducted for the benefit of Allied's employees. Travelers owed no legal or contractual duty to conduct safety inspections on plaintiffs' behalf. The express language of the policy negates such a duty. This court was faced with similar situations in Heath v. B.J. Hughes, Inc., 431 So.2d 68 (La.App. 1st Cir.1983) and Kennard v. Liberty Mutual Insurance Company, 277 So.2d 170 (La. App. 1st Cir.1972), in both of which it was held that the worker's compensation insurer owed no duty to the employees of its insured even if the insurer conducted inspections of the workplace. The trial court did not err in granting summary judgment in favor of Travelers.

*102 DECREE
For the above reasons, the judgments appealed from are affirmed. Appellants are to pay all costs of appeal.
AFFIRMED.