CRAIN, Judge.
This is an appeal of a judgment awarding damages against an employer for an injury that occurred during the course of employment as the result of an intentional act.
FACTS
On April 17,1985 Michael Kennedy Carty was a resident of Hammond State School, a school for the mentally handicapped operated by the Louisiana Department of Health and Hospitals (DHH). Van Allen Holden was employed by Hammond State School initially as a Resident Training Specialist 1 (RTS) and at the time of injury as a Recreation-RTS 1. On November 1, 1984 Dr. J. Robert Cockrell recommended that Carty’s prescription of the drug “Haldol” be reduced and substituted with the drug “Valium” because Carty suffered endocrinal side effects as a result of taking Haldol. Dr. Cockrell was hired to periodically evaluate the residents of Hammond State School and recommend a course of treatment. On April 17, 1985 Carty kicked Holden on the knee.
Holden received worker’s compensation benefits for the injury. He filed this action alleging that the injury was the result of an intentional act and therefore exempt from the exclusive remedy of worker’s compensation. La.R.S. 23:1032. Holden alleged that a reduction of Carty’s prescription for the drug Haldol by Dr. Cockrell was an intentional act and caused the aggressive behavior by Carty which injured Holden. The DHH, through the Office of Risk Management (ORM), intervened seeking the return of medical expenses and Worker’s Compensation benefits paid to Holden, if Holden was successful in his action for damages.
The trial court found in favor of Holden and awarded damages in the amount of $403,693.37. Plaintiffs counsel then filed a motion for the recovery of attorney’s fees *1178 on the sum recovered by ORM. The trial court awarded the plaintiff 40% of the sum recovered by ORM as attorney’s fees.
DHH appeals, assigning as error the trial court’s finding that the injury was the result of an intentional act and therefore not subject to the exclusive remedy of Worker's Compensation benefits, and the amount of the damages awarded to the plaintiff. ORM appeals the award of attorney’s fees to the plaintiff on the amount recovered by ORM.
ANALYSIS
In order to avoid the general rule that an employee’s exclusive remedy for a job related injury is worker’s compensation, the employee must prove that the injury resulted from an intentional act. La.R.S. 23:1032; Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir.1987). In Bazley v. Tortorich, 397 So.2d 475 (La.1981) the Louisiana Supreme Court held that the words “intentional act” in La.R.S. 23:1032 mean the same as “intentional tort” in reference to civil liability. The court held that the meaning of “intent” in this context is
that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. (Bazley, 397 So.2d at 481).
The trial court, in its reasons for judgment, stated that it was “convinced that Dr. Cockrell knew that harm to an employee or resident was substantially certain to follow as a result of his discontinuance of the drug Haldol, whether or not he desired that particular result to follow” and awarded damages for an intentional act. We find this to be manifestly erroneous.
As stated by this court in Babin v. Edwards, 456 So.2d 659, 663 (La.App. 1st Cir.), writ denied, 460 So.2d 604 (La.1984),
in order to avoid the exclusive remedy of worker’s compensation, a defendant must act with an intent to injure the plaintiff. This intent can be shown either by proving the defendant acted with a desire to harm plaintiff or by proving that defendant acted with knowledge of facts that from his act plaintiff’s injury was substantially certain to result. “Substantially certain” is not an alternative to “intentional act”. It is a method of proving that the act was intentional.
“Substantially certain” requires more than a reasonable probability that an accident or injury will occur and “certain” has been defined as “inevitable” or “incapable of failing.” Hood v. South Louisiana Medical Center, 517 So.2d at 471. The appellee may not recover by proving that Dr. Cockrell “should have known” that the reduction or discontinuance of the drug Haldol would have resulted in an injury. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984). The plaintiff must prove that the actor knew that his actions would produce harmful consequences.
The trial court relied heavily on the testimony of Dr. Richard Strobach in determining what effect the reduction in the drug Haldol would or could have had on Carty. Dr. Strobach was an expert witness for the plaintiff and testified solely based on Carty’s medical record. Dr. Strobach was not employed by DHH nor did he have any communications with Dr. Cockrell regarding the effects of reducing Carty’s prescription. At the most, his testimony relates to what Dr. Cockrell should have known, not what he knew. The trial court also relied heavily on reports of aggressive behavior written after Carty’s prescription was reduced and a request for a transfer of Carty because of his behavior which was written in April, 1985. While these reports may be helpful in evaluating Carty’s behavior and determining if the change in the prescription drug Haldol altered his behavior, they are not relevant to what Dr. Cock-rell knew when he recommended that the prescription be reduced.
The only evidence regarding what Dr. Cockrell knew is from his report on November 1, 1984, when he recommended that Carty’s prescription be reduced. There is nothing in that report to indicate that Dr. Cockrell knew or believed that the reduc *1179 tion in Haldol would affect Carty’s behavior and that an injury to a resident or an employee was substantially certain to result. In that report, Dr. Cockrell stated that neuroleptics (the drug classification under which Haldol falls) have generally not been shown to be helpful in matters of impulse control.
At best the appellees have proved only negligence. Even if a defendant’s conduct is negligent, or even grossly negligent, that conduct will not allow the legal imputation of intent. Hood, 517 So.2d at 471. We find that the appellee has failed to prove that his injury was the result of an intentional act.
Our decision renders ORM’s appeal moot in that ORM’s intervention is based on a recovery of damages.
The decision of the trial court awarding damages to the appellee for an intentional injury is reversed. The decision of the trial court awarding attorney’s fees to the ap-pellee based on the amounts recovered by ORM is also reversed. Appellee’s suit is dismissed, and all costs are assessed against the appellee.
REVERSED AND RENDERED.