785 So.2d 1041 (2001)
Ednay Mae GRANT, Janie Brezine Myles, Thelonious Dilbert Grant, Diedre Heloise Grant and Satandra Grant Babineaux
v.
BOH BROTHERS CONSTRUCTION COMPANY, INC., Buddy Thomas, Jr., Charles A. Favalora, and their Insurers.
No. 2000-CA-1227.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2001.
*1042 Mack E. Barham, Jerry B. Jordan, Barham & Arceneaux, New Orleans, LA, for plaintiff/appellant.
Kenneth M. Klemm, Paul B. Deal, Lemle & Kelleher, L.L.P., New Orleans, LA, for defendant/appellee.
Court composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr.
MAX N. TOBIAS, Jr., Judge.
Ednay Mae Grant, Janine Brezina Myles, Thelonious Delbert Grant, Deidre Heloise Grant, and Satandra Grant Babineaux (collectively, "the Grant Family" or "Plaintiff") suspensively appeal the trial court's judgment of 8 June 1999 granting summary judgment in favor of the defendant, AIG Consultants, Inc. ("AIG").[1] Only Plaintiff's claims against AIG are at issue. The Grant Family raises three assignments of error:
1. The district court was clearly wrong to grant a summary judgment to AIG and dismiss it with prejudice from litigation where there were unresolved genuine issues of fact concerning it's liability for damages caused to William J. Grant and his family.
2. The district court was clearly wrong to grant a summary judgment as to only one cause of action against a defendant where there were other causes of action pending against that defendant that were based on the same set of operative facts.
3. The district court was clearly wrong to grant an appeal of its granting of a summary judgment to but one defendant, regardless of any agreement of the parties, without certifying "some reason" for an immediate appeal.
For the following reasons, we affirm.
This case arises from the death of William J. Grant ("Mr.Grant"). He incurred a fatal blow to the head while in the course and scope of his employment with Boh Brothers Construction Company, Inc. ("Boh Brothers"). At the time of his injury, Mr. Grant was picking up traffic warning cones while riding on the open tailgate of a pick-up truck. The Grant Family maintains that AIG had a duty, either contractually or gratuitously assumed, to protect the employees of Boh Brothers from hazardous work conditions. By its third supplemental and amending petition, the Grant Family added AIG as a defendant, alleging as follows:
5(c)
On information and belief, AIG assumed the duty of providing safety inspections and, thereby, safe workplaces for the employees of its client, Boh Brothers, as part of the contracts of insurance it placed with its member companies. In this regard, AIG consultants performed periodic safety inspections of job sites where such insurance was at risk and made recommendations to the safety department of Boh Brothers for the elimination of job practices that threatened workers with injury and death. The purpose was to protect their member companies from expensive and easily preventable claims, keep their clients satisfied, and, at the same time, increase *1043 their percentage of profit. That duty of inspection and, thereby, of providing a safe workplace to decedent, William J. Grant, was breached by AIG when their consultants failed to recommend the elimination of the well-known practice of workers riding, unsecured, on the tailgates of a pick-up trucks [sic] to retrieve traffic cones. It was the breach of this duty and responsibility which caused and/or contributed to the injury and death of Mr. Grant. Further, AIG failed to make any reasonable inquiry into the practice described, despite the duties and responsibilities it had assumed.
These allegations allege a contractual duty between AIG and Boh Brothers by which Mr. Grant, as an employee of Boh Brothers, was a third party beneficiary. In its memorandum in opposition to AIG's motion for summary judgment, the Grant Family raises its alternative claim that AIG gratuitously assumed a duty to Mr. Grant.[2] In written reasons for judgment, the trial court specifically addressed only the issue of a contractual duty. Relying on the language contained in the policies of insurance between Boh Brothers and its insurers, and applying the reasoning of Heath v. B.J. Hughes, Inc., 431 So.2d 68, (La.App. 1 Cir.1983), the trial court held that AIG owed no duty to Mr. Grant.
The record before us shows no direct contractual relationship between AIG and Boh Brothers. Rather, it indicates that AIG conducts inspections for various insurers to assist those insurers in risk rating, a process by which appropriate premiums are determined. It was AIG's policy to make the results of its inspections immediately available to the supervisor of each work site inspected, and then report its results to the insurers. It is clear from a reading of the policy language between Boh Brothers and its insurers that such inspections were entirely at the insurer's option and, moreover, only for the purpose of determining the insurability of an insured's workplace. In Tomasich v. USF & G Co., 470 So.2d 191 (La.App. 4 Cir. 1985), we found that under similar provisions of an insurer's policy, no duty of inspection existed. We agree with the trial court's decision on this issue.
The issue of whether AIG gratuitously assumed a duty to Mr. Grant was not pled in the original petition or in any supplemental or amending petition. However, having been briefed both by AIG and by the Grant Family prior to the hearing of 4 June 1999, the issue was clearly before the court. By designating its judgment as "final" and authorizing an appeal from it, the trial court implicitly either refused to allow the Grant Family to enlarge its claim against AIG or refused to accept it as supportable.[3]
In the interests of judicial economy, we address the issue of gratuitous assumption of a duty as having been determined by the trial court as unsupportable. Our de novo review of the record reveals that, despite extensive discovery, only the most tenuous evidence exists to support the Grant Family's claim of gratuitous assumption. In support of its claim that AIG gratuitously assumed a duty to Boh Brothers' employees, the Grant Family relies upon excerpts from the deposition of *1044 Thomas Normand, a consultant employed by AIG; one piece of correspondence from Mr. Normand to Boh Brothers; and, a document entitled "Servicing Instructions" prepared by AIG. The evidence only serves to confirm that AIG was fulfilling its obligation to the insurers of Boh Brothers. In his deposition, Mr. Normand stated:
"If losses are reduced, it benefits AIG and Boh Brothers, and if the employees were included as Boh Brothers, yes sir."
* * * * *
"It is helpful to our Underwriting Department to reduce losses. It is helpful to Boh Brothers to reduce losses, and if Boh Brothers as a wholeif that includes their employees and the general public driving through a Boh Brothers job sites [sic] for the specific job sites looked at, yes sir."
Mr. Normand's testimony confirms the purpose of AIG's inspections as relating to the underwriting and insurance aspects of safety. That is a completely different focus than the one urged by Plaintiff. The correspondence of 15 February 1993 from Mr. Normand, on behalf of AIG, to Boh Brothers states on its face:
"Our survey of your operations is for underwriting purposes and to assist you in your loss control activities. However, no responsibility is assumed for the discovery and elimination of hazards which could possibly cause accidents or damage. Compliance with any submitted recommendations in no way guarantees the fulfillment of your obligations as may be required by any local, state or federal laws."
Although the "Servicing Instructions" set forth a proposed plan by which AIG would "assist management" in improving safety, AIG's obligation was clearly to the insurers and not to Boh Brothers. AIG assumed no responsibility outside of the narrow area of risk management. It is evident from the record that AIG's sole obligation was to evaluate the insurability of Boh Brothers' work sites. AIG had no control over whether or how Boh Brothers might respond to any observation or recommendation it might make in the course of its evaluation on behalf of the insurers.[4] Taken as a whole, the evidence offered by the Grant Family in opposition to AIG's motion for summary judgment does not establish that it "will be able to satisfy [its] evidentiary burden at trial." La.R.S. art. 966C(2). Such evidence fails to support a finding that a "genuine issue of material fact" exists and is insufficient to preclude a summary judgment. Id. Thus, we find that the trial court did not err in granting AIG's motion for summary judgment and, further, did not err in dismissing AIG, with prejudice.
The trial court designated its judgment of 8 June 1999 as "final" and stated that "it expressly finds no just reason for delay", thereby meeting the stated requirements of La.C.C.P. article 1915. In Jackson v. America's Favorite Chicken Co., 98-605 (La.App. 4 Cir. 2/03/99), 729 So.2d 1060, decided prior to the 1999 amendments to La.C.C.P. art. 1915, we held that a statement of why there is no just reason for delay or some "evidence of record" was required for a judgment to meet the criteria of La.C.C.P. art. 1915B(1) to be a "final judgment for the purposes of immediate appeal". However, the 1999 amendments brought a change applicable to the situation before us. The language of La.C.C.P. art. 1915B(1) was amended to eliminate "parties", thereby clarifying the distinction *1045 between it and art. 1915A. The trial court herein dismissed AIG with prejudice, completely eliminating AIG as a party. Thus, its judgment was more squarely within the wording and applicable standard of La. C.C.P. art. 1915A. The record before us indicates that the trial court entertained and rejected the plaintiff's claims that any supportable duty, contractual or gratuitously assumed, existed between AIG and Mr. Grant, thereby creating "no just reason for delay", as stated in the judgment.
The assignments of error are without merit.
AFFIRMED
NOTES
[1] AIG Consultants, Inc., answered the plaintiffs' third supplemental and amending petition in the place of American International Group, Inc., which had been designated therein as a defendant. Thus, AIG acknowledged that it was the proper party defendant. The record before us reflects that this unofficial substitution of parties has been consistently recognized and accepted by all parties and the trial court.
[2] Although the Grant Family's memorandum in opposition to AIG's motion for summary judgment is not in the record before us, AIG's reply memorandum directly references and responds to this additional claim.
[3] Permitting an enlargement of the plaintiffs' claims is within the trial court's discretion. La.C.C.P. art. 1154. See also, Robinson v. Benson Motor Co., 98-203 (La.App. 5 Cir. 8/25/98), 717 So.2d 1252.
[4] Plaintiff does not cite and we are not aware of any law, statutory or jurisprudential, that imposes a duty upon an insurer to enforce its findings about hazards in the work place.