MOORE, J.
Winnifred Jackson appeals a partial summary judgment that dismissed her claim for lost wages and profits arising from the defective installation of a refrigerator. For the reasons expressed, we affirm.
FACTUAL BACKGROUND
Ms. Jackson, an attorney and the proprietor of Good Samaritan Funeral Home, bought an LG refrigerator from Lowe's Home Center on Airline Drive in Bossier City in June 2014. Lowe's employees delivered it to her house, in Oak Alley Subdivision in Bossier City, on June 13. According to her petition, Ms. Jackson immediately discovered during the installation that it was not the counter-depth unit that she expected.[1] That evening, she went back to Lowe's and bought another LG fridge, one that would fit properly, and Lowe's employees delivered it on June 14. When they removed the first fridge, Ms. Jackson saw a pool of water on the floor under it and some dampness on the walls around it. She phoned the store manager, who came out to inspect, and said the moisture was condensation. The employees wiped up the puddle and installed the second fridge.
A few days later, however, Ms. Jackson discovered several planks of the reclaimed wood flooring in her kitchen and family room were warped. She called a plumber, who inspected and told her that both fridges had been improperly installed-the icemaker line was not correctly attached to the water line. Ms. Jackson then phoned Lowe's manager, who sent Custard Insurance Adjusters to the house; Custard confirmed that the damage resulted from faulty installation, and hired DKI, an emergency repair service, to extract the water from the wood floors. According to Ms. Jackson's petition, the extractors were placed in the kitchen and family room, making it impossible for her to use either room. In addition, the machines made such an "unbearable" noise that she had to vacate the house, incurring hotel and meal expenses.
After nine days of extraction, Custard decided the floors could not be repaired. According to Ms. Jackson's petition, Lowe's did not answer her informal demands to pay the cost of removal and replacement.
PROCEDURAL HISTORY
Ms. Jackson filed this suit, in proper person, against Lowe's Home Centers, in June 2015. She also named "Insurance Company A" as a defendant, but never joined any insurer. In addition to demanding costs of replacement, moving and storage, and cleaning, she alleged that because she could not stay in the house, she incurred costs for hotels and meals. She also demanded damages for mental anguish and attorney fees.
*1265 Lowe's filed an exception of no cause of action as to the demand for penalties and attorney fees: because Lowe's was not an insurer, it could not be liable for bad-faith adjustment of claims, La. R.S. 22:1892 and 1973.
Lowe's then filed a motion for partial summary judgment as to the demand for lost wages and mental anguish. In support, it filed portions of Ms. Jackson's deposition in which she testified that during the four months it took to replace the floor, she could not stay in the house, so she took a 28-day trip to Chicago, followed by short trips to Turks & Caicos, Miami, San Francisco and Los Angeles, San Antonio, and, finally, to Beverly Hills (for a "getaway weekend"); she felt that these trips caused her to lose between $95,000 and $120,000 in wages and profits. Lowe's argued that no reported case had ever approved lost wages as an element of damages for a property damage claim without bodily injury, and thus the award was not legally recognized. However, even if it were, Ms. Jackson could not meet the high standard of proving lost wages: "a plaintiff must prove that he would have been earning wages but for the accident in question," Boyette v. United Services Auto. Ass'n , 2000-1918 (La. 4/3/01), 783 So.2d 1276. Lowe's contended that by her own testimony, Ms. Jackson "voluntarily vacationed for reasons unrelated to the incident sued upon."
Ms. Jackson retained counsel and opposed both the exception and the MPSJ. As to lost wages, she argued she was entitled to all damages flowing from the defendant's conduct, under La. C.C. arts. 2316 and 2317, and these included lost wages. In support, she cited Orellana v. Louisiana Citizens Prop. Ins. Corp. , 2007-1095 (La. App. 4 Cir. 12/5/07), 972 So.2d 1252, writ denied , 2008-0041 (La. 10/24/08), 25 So.3d 777. Further, "when she could not live in the house, plaintiff was absent from work" and she "coordinated trips outside the city when construction work would last five days or more." She attached the affidavit of a CPA, Thomas Youngblood, which did not state a dollar amount of economic loss, but referred to computer-generated profit-and-loss statements for the funeral home and for Ms. Jackson's law practice, covering the years 2014, 2015 and part of 2016.[2]
At a hearing in November 2016, the parties submitted the exception and the MPSJ on brief. Counsel for Ms. Jackson conceded that Lowe's "might be right" on the exception of no cause. He again cited Orellana and argued that "by analogy, Ms. Jackson's loss of wages is tethered to the negligence of the defense[.]" Counsel for Lowe's countered that Orellana involved an insurer subject to R.S. 22:1973 ; because Lowe's is not an insurer, it cannot be liable for bad-faith damages.
ACTION OF THE DISTRICT COURT
The court stated that, on close review, Ms. Jackson's petition alleged many items of damages, but "lost wages are not anything that ever is addressed." Further, the court found no "affidavits from anybody asserting any type of lost wages, what the amount of those would be, no expert provided anything * * *, there's nothing to support any claim for lost wages." Counsel for Ms. Jackson mentioned the "affidavit in the record with respect to lost wages," but the court replied that this item of damage *1266 was not asserted in the original or any supplemental petition; in addition, there was inadequate proof. The court noted Ms. Jackson's objection for the record.
The court rendered judgment sustaining the exception of no cause of action and granting the motion for partial summary judgment. The court later certified this as immediately appealable, under La. C. C. P. art. 1915 B.
Ms. Jackson has appealed, contesting only the grant of summary judgment as to her claim for lost wages and profits. She advances two assignments of error.
DISCUSSION
By her first assignment of error, Ms. Jackson urges her claim for lost wages and profits was protected under La. C. C. P. art. 1154 once the defendant acknowledged and received notice of the claim. Citing La. C. C. P. art. 966 B(2), she contends that she need produce only a genuine issue of material fact for trial, Monroe Surgical Hosp. LLC v. St. Francis Med. Ctr. , 49,600 (La. App. 2 Cir. 8/21/14), 147 So.3d 1234, writ denied , 2014-1991 (La. 11/21/14), 160 So.3d 975. She cites her deposition testimony that the renovations caused her to leave work and stay with relatives, or in hotels "outside the city," and her "tax returns" as sufficient proof of causation and damages to withstand the MPSJ. She does not mention that she omitted lost wages from her petition, but argues that once Lowe's filed the MPSJ as to that very issue, the pleadings were expanded under Art. 1154 to include it.
Lowe's responds that Art. 1154 does not apply, as Ms. Jackson never properly advised the district court that she had economic damage.
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. La. C. C. P. art. 1154. The law takes a liberal approach toward allowing amended pleadings in order to promote the interests of justice. Reeder v. North , 97-0239 (La. 10/21/97), 701 So.2d 1291. Amendment of pleadings should be liberally allowed, provided the mover is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial of the issues will not be unduly delayed. Hibernia Nat'l Bank v. Antonini , 33,436 (La. App. 2 Cir. 8/23/00), 767 So.2d 143.
In Grant v. Boh Bros. Const. Co. , 2000-1227 (La. App. 4 Cir. 4/25/01), 785 So.2d 1041, the plaintiffs sued AIG Consultants, alleging breach of a contractual duty to provide safety inspections and a safe workplace for Boh Brothers' employees. AIG moved for summary judgment, urging that its contract did not provide for this, but also that it never assumed the duty to provide such services. The plaintiffs opposed, arguing that AIG did in fact assume the duty. The district court granted AIG's summary judgment, finding no contractual duty, but declined to consider the issue of assumption of duty. On appeal, the Fourth Circuit found that because both parties had raised the issue and offered summary judgment evidence for and against it, the pleading was expanded under Art. 1154. The Fourth Circuit considered the question of assumption of duty de novo (ultimately affirming the summary judgment).
The instant case is similar. Ms. Jackson's petition did not claim lost wages and profits as an element of damages. However, Lowe's moved for partial summary judgment specifically to "dismiss plaintiff's claims for lost wages."[3] Ms. Jackson's opposition *1267 argued she was entitled "to all other losses related to the tortfeasor's negligence," and she attached her CPA's affidavit purporting to express a "professional opinion with respect to economic losses" suffered by the funeral home and the law practice. Both parties, therefore, raised the issue by MPSJ and argued it. As in Grant v. Boh Bros. , supra , the court erred in refusing to consider the pleadings expanded to encompass the issue. Ms. Jackson's first assignment of error has merit.
By her second assignment of error, Ms. Jackson urges that lost wages and profits are recoverable for breach of contract or for defective work. She cites La. C.C. arts. 1994 ("Obligor liable for failure to perform"), 1769 ("Contractor's liability for noncompliance with contract"), 2315 ("Liability for acts causing damage") and 2316 ("Negligence, imprudence or want of skill"), and argues that a breach of contract can indeed give rise to tort liability, as in Platt v. Interstate Dodge , 37,059 (La. App. 2 Cir. 4/9/03), 843 So. 2d 1178, and K&J Refrigeration v. Bowman , 41,098 (La. App. 2 Cir. 5/17/06), 930 So.2d 1141. She contends that Lowe's has never disputed that it negligently installed the refrigerators, or that it is liable for damage to her hardwood floors; by the same reasoning, she submits, Lowe's is also liable for her lost wages. She asks the court to reverse and remand.
Lowe's responds that the standard of proving lost wages is the but-for test enunciated in Boyette v. United Services Auto Ass'n , supra , and applied by this court in Whited v. Home Depot U.S.A. Inc. , 27,938 (La. App. 2 Cir. 8/3/96), 712 So.2d 97. It reiterates that the summary judgment evidence fails to show that the property damage prevented or precluded her from working; rather, it shows that she voluntarily vacationed, for reasons totally unrelated to the property damage. It also asserts that no case has ever extended the scope of negligent repairs to encompass lost wages, and requests affirmance.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Bank of New York Mellon v. Smith , 2015-0530 (La. 10/14/15), 180 So.3d 1238. Appellate review of summary judgments is de novo, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment was appropriate, i.e. , whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. La. C. C. P. art. 966 A(3); Bank of New York Mellon v. Smith , supra , and citations therein.
To recover for actual wage loss, a plaintiff must prove that she would have been earning wages but for the accident in question. Boyette v. United Services Auto. Ass'n , supra ; Young v. Marsh , 49,496 (La. App. 2 Cir. 11/19/14), 153 So.3d 1245. In order to be awarded past wages, the plaintiff must prove positively that she would have been earning the wages but for the accident in question. Boyette v. United Services Auto. Ass'n , supra . The award can include only those wages lost because of the accident, not any lost for other, unrelated reasons, such as termination for sleeping on the job or for misconduct and theft. Lewis v. State Farm Ins. Co. , 41,527 (La. App. 2 Cir. 12/27/06), 946 So.2d 708 ; Corder v. Lively , 39,780 (La. App. 2 Cir. 6/29/05), 907 So.2d 824.
The summary judgment evidence, viewed de novo, does not establish, as a matter of law, that but for Lowe's negligence in installing the refrigerators Ms. Jackson would have been earning wages and profits. She stated in deposition that because of the repair work, she had to leave her house intermittently between June 2014 and April 2015. During these *1268 times she went to various out-of-town destinations, but she never said why she had to leave town and neglect her business interests. Her purported explanation was somewhat circular:
If you're not able to live in your home and you're traveling during the time period of people coming in to renovate the home, I'm not at work. I can't-I can't make money if I'm not at work, if I'm traveling.
In short, the summary judgment evidence does not establish the necessary causation between Lowe's conduct and Ms. Jackson's claimed loss of wages and profits; it shows that she elected to travel and take business losses. With this lack of evidence to create a genuine issue for trial, Lowe's is entitled to judgment as a matter of law.[4]
CONCLUSION
For the reasons expressed, the partial summary judgment is affirmed. Ms. Jackson is to pay all costs.
AFFIRMED .

In Ms. Jackson's deposition, taken in November 2015, she said it was actually her mother who was present when the delivery crew arrived, and allowed them to install the wrong-size refrigerator.

She also attached Custard's estimate to repair and replace the floors, $18,417, and her own interior designer's estimate to redecorate the whole house, $58,614. In addition, she filed copies of receipts from her hotel stays, including charges such as a $518 "spa treatment" one day at Ritz-Carlton in Dallas, a $632 "massage" at Four Seasons in Chicago, and a $291 "pool bar" charge at Parrot City, Turks & Caicos.

In light of this filing, it is somewhat disingenuous for Lowe's now to contend that the issue of lost wages was not placed before the court.

Because of this disposition we decline to address Lowe's interesting argument that lost wages are not allowable for a breach of contract unaccompanied by physical injury. La. C.C. art. 1994 makes the obligor "liable for the damages caused by his failure to perform a conventional obligation," which could conceivably extend to some lost wages, but we are aware of no case that has ever awarded a homeowner lost wages for the negligent installation of a home appliance. Perhaps this is because the difficulty in meeting the but-for test of Boyette , supra , and perhaps because the bill of sale or installation agreement typically limits the company's liability to replacement cost, delivery fee and stipulated property damage.