938 So.2d 694 (2006)
Alvin BURRELL and Sandra Burrell, Husband and Wife
v.
Robert WILLIAMS, Alan Raduechel and Northland Insurance Company.
No. 2005-CA-1625.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*696 Thomas L. Mahfouz, Morgan City, Counsel for Plaintiff/Appellant.
Morgan J. Wells, Jr., Lee M. Peacocke, Metairie, Counsel for Defendant/Appellee.
Panel composed of Ad Hoc Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge, Ad Hoc.
In this personal injury case, plaintiffs, Alvin and Sandra Burrell, appeal the amount of damages awarded to them by the trial court, arguing that they are insufficient. For the reasons which follow, we amend in part and affirm as amended.

FACTS AND PROCEDURAL HISTORY
This case arises from a motor vehicle accident that occurred on July 29, 2002. Alvin Burrell was operating a 1984 Pontiac 6000 in the eastbound left lane of U.S. Highway 90 in St. Mary Parish. Robert Williams was operating a 1993 Peterbilt tractor, owned by Alan Raduechel, in the eastbound right lane of U.S. Highway 90. When Mr. Williams attempted to move into the left lane to pass a vehicle in front of him, he struck Mr. Burrell's vehicle, forcing it into the median. Mr. Burrell was taken to the emergency room at Franklin Foundation Hospital, where he complained of neck and shoulder pain.
*697 The day after the accident, July 30, 2002, Mr. Burrell saw his family physician, Dr. Bourgeois, who diagnosed him with a cervical strain, low back strain, and a contusion to the ribs. Dr. Bourgeois told him to avoid lifting or straining and not to return to work as a crane operator at that time. He also gave him muscle relaxers and anti-inflammatory medication. Mr. Burrell saw him again on August 5, 2002, and Dr. Bourgeois recommended that he begin physical therapy. He began attending physical therapy at Superior Rehab on August 12, 2002. At trial, Mr. Burrell's physical therapist, Jonathan Marino, testified that his low back pain had dramatically decreased by August 21, 2002, and his cervical pain had decreased by this time as well. After numerous therapy sessions, Mr. Marino discharged him on October 10, 2002.[1]
Mr. Burrell continued to see Dr. Bourgeois during the time period that he went to physical therapy. Dr. Bourgeois testified that at his September 10, 2002 visit, Mr. Burrell still had neck pain, but his back was feeling much better. At his October 15, 2002 visit, Mr. Burrell indicated that his neck was still hurting "on and off" but his back was essentially normal. At the October 23, 2002 visit, Dr. Bourgeois noted that Mr. Burrell still had some tenderness at the base of his neck, but he released him to go back to work on October 28, 2002. After conducting an examination and finding the results to be normal, Dr. Bourgeois discharged Mr. Burrell from his care on January 10, 2003.
Mr. Burrell returned to see Dr. Bourgeois on July 11, 2003, complaining of neck pain and a burning sensation in his shoulders. At trial, Dr. Bourgeois opined that Mr. Burrell's pain at that time was probably related to the accident, but it was undoubtedly aggravated by some mechanism or maneuver. Mr. Burrell saw Dr. Bourgeois again on August 8, 2003 complaining of neck and back pain. Dr. Bourgeois ordered an MRI and arranged for an orthopedic consult due to the duration of Mr. Burrell's symptoms. The MRI revealed degenerative disc disease, which Dr. Bourgeois opined was a pre-existing condition that was not caused by the July 29, 2002 accident and that was aggravated by some maneuver in August 2003.
On June 18, 2003, Mr. Burrell and his wife, Sandra Burrell, filed a petition for damages against Mr. Williams, as driver of the tractor, Mr. Raduechel, as Mr. Williams' employer and owner of the tractor, and Northland Insurance Company, as the liability insurer of Mr. Raduechel for the use and operation of the tractor.[2] Trial of this matter was held on August 18, 2004, and the trial judge took the matter under advisement. On October 18, 2004, the trial judge issued Reasons for Judgment, and on October 25, 2004, he issued First Amended Reasons for Judgment. The trial judge found that Mr. Williams was solely at fault for the accident, and plaintiffs were awarded $4,500 for Mr. Burrell's past medical expenses, $10,000 for general damages, $6,500 for lost wages, and $1,500 for Mrs. Burrell's loss of consortium, for a total award of $22,500. A judgment setting forth this award was signed on November 12, 2004. It is from this judgment that plaintiffs appeal.
*698 DISCUSSION
On appeal, plaintiffs argue that the trial judge erred in awarding only $21,000 for Mr. Burrell's damages and lost wages and only $1,500 for Mrs. Burrell's loss of consortium damages. They assert that the trial judge should have awarded $7,486.24 in medical expenses, instead of $4,500, and $14,567.07 in lost wages, instead of $6,500. They further argue that the general damages award for Mr. Burrell's pain and suffering should have been $50,000,[3] instead of $10,000, and that Mrs. Burrell's loss of consortium award should have been $5,000, instead of $1,500.
General Damages
Plaintiffs were awarded $10,000 in general damages for Mr. Burrell's pain and suffering resulting from the July 29, 2002 accident. Plaintiffs argue that Mr. Burrell was treated for neck and back pain for 13 months and that $10,000 is insufficient for injuries of this duration. Defendants respond that Mr. Burrell's injuries were basically resolved within two months of the accident and that the occasional pain he experienced with strenuous activity was consistent with his pre-existing degenerative conditions. Defendants contend that the $10,000 general damage award for Mr. Burrell's pain and suffering was not an abuse of discretion and should be affirmed.
In his amended reasons for judgment, the trial judge indicated that Mr. Burrell experienced physical pain and suffering from August 8, 2002 to January 10, 2003, which was approximately five months, and returned to the doctor in August 2003. He stated that he believed $10,000 was sufficient for pain and suffering of this duration.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty, including pain and suffering. Wainwright v. Fontenot 00-492 (La.10/17/00), 774 So.2d 70, 74. A trial judge's assessment of the appropriate amount of damages is a determination of fact that is entitled to great deference on review. Id. The primary factors to be considered in assessing quantum for a general damage award are the severity and duration of the injured party's pain and suffering. Fleniken v. Entergy Corp., 00-1824 (La.App. 1 Cir. 2/16/01), 780 So.2d 1175, 1194, writs denied, 01-1268, 01-1305, 01-1317 (La.6/15/01), 793 So.2d 1250-1254. Absent a determination that the trial judge abused his discretion in the award of general damages, a reviewing court should not disturb a trial judge's award. Wright v. General Aviation Co., 04-772 (La.App. 5 Cir. 11/30/04), 889 So.2d 1115, 1119.
The trial judge's finding that Mr. Burrell experienced pain and suffering for approximately five months is reasonable. Dr. Bourgeois indicated that Mr. Burrell's physical examination was normal in January 10, 2003, so he discharged him from treatment. It was not until six months later, July 2003, that Mr. Burrell returned to Dr. Bourgeois with complaints of neck or back pain. Based on Dr. Bourgeois and Mr. Marino's records and the entire record before us, we find that the trial judge's determination that Mr. Burrell's injuries from this accident resolved within five months was not clearly wrong.
In Marie v. John Deere Ins. Co., 96-1288 (La.App. 1 Cir. 3/27/97), 691 So.2d 1327, Jennifer Marie suffered neck and back pain as a result of an accident, in *699 which the pickup truck she was driving was struck by an 18-wheeler. She began treatment with a chiropractor/physical therapist approximately three weeks after the accident. The majority of her treatment occurred during the first 4-5 months after the accident, but continued on and off until ten months after the accident. This Court affirmed the trial court's award of $8,500 to plaintiff for her general damages.
In Stokes v. Stewart, 99-0878 (La.App. 1 Cir. 12/22/00), 774 So.2d 1215, plaintiff suffered a back sprain after the dump truck he was driving was struck by defendant's vehicle. The medical testimony indicated that his back sprain resolved approximately five months post-accident, but plaintiff stated at trial that he continued to have pain with strenuous activity. The trial court awarded plaintiff $10,000 in general damages, and the award was affirmed by this Court.
In order to overturn a general damages award on appeal, plaintiffs must demonstrate that the trial judge abused his discretion in assessing the general damages that should be awarded for the plaintiff's particular injuries under the particular circumstances of the case. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Considering the record before us, along with the applicable jurisprudence, we find that the trial judge did not abuse his discretion in awarding $10,000 in general damages for Mr. Burrell's pain and suffering. Accordingly, this ruling of the trial court is affirmed.
Medical Expenses
Plaintiffs were awarded $4,500 for Mr. Burrell's past medical expenses. They argue that the trial judge abused his discretion in awarding this amount, because the evidence reveals that his medical expenses arising from this accident totaled $7,486.24. Defendants respond that the trial judge did not abuse his discretion by failing to award the full amount of Mr. Burrell's medical expenses, because he was released to return to work on October 28, 2002 and any medical expenses incurred after that date were not caused by the accident.
Special damages, such as past medical expenses incurred as a result of an accident, have a ready market value and are susceptible of being established with reasonable mathematical certainty. Wainwright v. Fontenot, supra. To recover past medical expenses, a plaintiff must show, through medical testimony, both the existence of the injury and a causal connection between the injuries and the incident or accident of which plaintiff complains. Wright v. General Aviation Co., supra at 1120. When a plaintiff claims to have incurred medical expenses and those claims are supported by medical bills, these expenses should be awarded, unless there is contradictory evidence or reasonable suspicion that the bills are unrelated to the accident. Brandao v. Wal-Mart Stores, Inc., 35,368 (La.App. 2 Cir. 12/19/01), 803 So.2d 1039, 1047, writ denied, 02-493 (La.4/26/02), 814 So.2d 558.
Defendants argue that a $4,500 award represents plaintiff's medical expenses from the date of the accident through October 28, 2002 and that the trial judge was under no legal obligation to award any medical expenses incurred after that time. In his amended reasons for judgment, the trial judge found that Mr. Burrell incurred "medical expenses totaling approximately four thousand five hundred ($4,500) dollars." (Emphasis added.) However, as stated above, special damages, such as medical expenses can be established with reasonable mathematical certainty, so an "approximate" award for *700 medical expenses is generally not proper. Even if the trial judge had awarded the exact amount of medical expenses from the date of the accident through October 28, 2002, the record shows that such an award would still be insufficient.
At trial, Dr. Bourgeois testified that he released Mr. Burrell to return to work on October 28, 2002, but he did not find that Mr. Burrell had fully recovered at that time. Rather, at his October 23, 2002 visit, Dr. Bourgeois noted that Mr. Burrell still had some tenderness at the base of his neck, and he did not discharge him from his care until January 10, 2003. Further, in the trial judge's reasons for judgment, he found that Mr. Burrell suffered injuries to his cervical and lower back and that he "experienced physical pain and suffering from personal injuries from August 08, 2002 to January 10, 2002[sic] (Approximately 5 months.)" Thus, the trial judge's award of medical expenses was not based on a finding that the injuries caused by the accident had resolved by October 28, 2002. Rather, he specifically found that the pain and suffering caused by the accident lasted through January 10, 2003.
Plaintiffs argue that they are entitled to medical expenses incurred both before and after January 10, 2003. They argue that Dr. Bourgeois found that the cervical pain Mr. Burrell complained of in July 2003 was probably related to the accident, so the trial judge should have awarded medical expenses incurred in July 2003 and thereafter. However, Dr. Bourgeois released him from care in January 2003, and he testified that Mr. Burrell's pain in July and August 2003 undoubtedly resulted from some mechanism or maneuver that aggravated his previous injuries.
Considering that Mr. Burrell did not seek treatment or complain of neck or back pain for several months after Dr. Bourgeois discharged him, we find no error in the trial court's finding that his pain and suffering caused by the accident lasted until January 10, 2003, approximately five months. Our review of the record reveals that plaintiff's medical expenses incurred from the date of the accident through January 10, 2003 were $5,881.00,[4] and plaintiff is entitled to recover this amount. Accordingly, we amend the trial judge's award of medical expenses and increase it to $5,881.00.
Lost wages
Plaintiffs argue that the trial court erred in awarding only $6,500 for Mr. Burrell's lost wages resulting from the accident, asserting that the evidence supports an award of $14,567.07. Defendants respond that the trial court's award of $6,500 for lost wages was within his discretion and should not be disturbed on appeal.
At the time of the accident, Mr. Burrell was employed by J. Ray McDermott as a crane operator, earning $16.63 per hour for regular pay, with "time and a half" for overtime pay. At trial, Mr. Burrell testified that just before the accident, he was working six or seven days a week, 12-14 hours per day, because there was alot of work at that time. He was not able to work from the date of the accident until he was released to work by Dr. Bourgeois on October 28, 2002.
Brad Case, who is also a crane operator for J. Ray McDermott, testified that during the time Mr. Burrell was not working, there was alot of work and the crane operators were working seven days a week, 10-12 hours per day. Based on Mr. Case's income during the time Mr. Burrell could *701 not work, plaintiffs argue that $14,567.07 in lost wages should have been awarded.
The record shows that in July 2002, Mr. Burrell earned $3,059.93 and that he had not worked more than 10 hours per day on a regular basis. Mr. Case testified that the amount of work he did in July 2002 was consistent with the amount of work he did for the rest of 2002. Defendants argue that Mr. Burrell did not work enough hours in July 2002 to support his claim that he lost over $14,000 in wages during the time that he could not work. They also assert that Mr. Burrell's income for 2002 was only $8,394.75 less than 2001, so an award of $14,000 in lost wages would be unreasonable. They further argue that Mr. Burrell was paid $2,147.77 from his employer during the time that he was unable to work, so this amount should be deducted from his claim for lost wages.
A plaintiff seeking damages for past lost wages bears the burden of proving lost earnings, as well as the duration of time missed from work due to the accident. Boyette v. United Services Auto. Assn., 00-1918 (La.4/3/01), 783 So.2d 1276, 1279. A trial court has broad discretion in assessing awards for lost wages, but there must be a factual basis in the record for the award. Driscoll v. Stucker, 04-589 (La.1/19/05), 893 So.2d 32, 53. Where there is no basis for a precise mathematical calculation of a past lost wage claim, the trial judge can award a reasonable amount of damages without abusing his discretion. Id.
In the present case, Mr. Burrell was paid an hourly wage and his earnings varied depending on the amount of hours that he worked. It is impossible to determine the exact amount of wages that Mr. Burrell would have earned if he had not sustained injuries in this accident. However, considering the documentation regarding Mr. Burrell's 2001 and 2002 incomes, the number of hours he worked in July 2002, the income he earned in July 2002, and the testimony of Mr. Burrell and his co-worker, Mr. Case, we find that there is a factual basis for the trial judge's award of $6,500 in lost wages. Accordingly, we affirm the trial judge's award for lost wages.
Loss of Consortium
Plaintiffs argue that the trial judge abused his discretion in awarding only $1,500 in damages for Mrs. Burrell's loss of consortium caused by the accident. They assert that, due to Mr. Burrell's injuries, Mrs. Burrell had to perform some of his chores, such as taking out the trash and mowing the lawn, and that Mr. Burrell had sexual problems as well. They contend that $5,000 should have been awarded for Mrs. Burrell's loss of consortium. Defendants respond that the $1,500 award was reasonable, because there is little evidence in the record of any loss of consortium damages, and plaintiffs did not specify any significant impact that Mr. Burrell's injuries had on their marriage. Further, they argue that Mr. Burrell previously sought medical treatment for sexual problems and there is no evidence that any of his sexual problems after the accident were related to the accident.
In general, a claim for loss of consortium involves the elements of loss of love and affection, companionship, material services, financial support, aid and assistance, fidelity, and impairment of sexual relations. O'Connor v. Litchfield, 03-397 (La.App. 1 Cir. 12/31/03), 864 So.2d 234, 246. A loss of consortium award is a fact-specific determination to be decided on a case-by-case basis and is disturbed only if there is a clear abuse of discretion. Snearl v. Mercer, 99-1738 (La.App. 1 Cir. 2/16/01), 780 So.2d 563, 592, writs denied, 01-1319, 01-1320 (La.6/22/01), 794 So.2d 800, 801.
*702 Although Mrs. Burrell may have done some additional chores as a result of Mr. Burrell's injuries, the evidence reveals that her loss of consortium was not substantial or of lengthy duration. Considering the facts of this particular case, we find that the trial judge did not abuse his discretion in awarding only $1,500 for Mrs. Burrell's loss of consortium. Accordingly, we affirm this award.
DECREE
For the foregoing reasons, we affirm the trial judge's awards for general damages, lost wages, and loss of consortium. We amend the trial judge's award for past medical expenses to increase it to $5,881.00.
AMENDED IN PART, AND AFFIRMED AS AMENDED.
NOTES
[1] He returned to physical therapy on December 2, 2002 and continued through December 11, 2002.
[2] At trial, it was stipulated that the proper defendant insurance company was Southern County Mutual Insurance Co., not Northland Insurance Company. The pleadings were amended to name Southern County Mutual Insurance Company as the defendant.
[3] We note that plaintiffs stipulated at trial that their claims would not exceed $50,000, exclusive of interest and costs. Therefore, it is clear that a general damage award of $50,000, along with an award for special damages, would exceed the amount set forth in the stipulation.
[4] Mr. Burrell's pharmacy bill for November 22, 2002 was not included in this award, because the record does not show that this bill was related to the accident.