# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-710

CHRYSTAL CORBELLO

VERSUS

KEVIN BERKEN, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-448-07
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

**Thibodeaux, Chief Judge, concurs.**

Terry Thibodeaux
Frohn & Thibodeaux, L.L.C.
Post Office Box 2090
Lake Charles, LA   70602-2001
(337) 433-5523
COUNSEL FOR DEFENDANT/APPELLEE:
    Granite State Insurance Company

Mesonie T. Halley,  Jr.
One Lakeshore Drive, Suite 1710
Lake Charles, LA   70626
(337) 497-0039
COUNSEL FOR DEFENDANTS/APPELLEES:
    Allstate Insurance Company
    Kevin Berken

**S. Douglas Busari**
**Post Office Box 168**
**Tallulah, LA   71282**
**(318) 574-2995**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Chrystal Corbello**

**Christopher Cameron McCall**
**Baggett, McCall, Burgess,**
**Watson & Gaughan**
**3006 Country Club Road**
**Lake Charles, LA   70606-7820**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Chrystal Corbello**

AMY, Judge.

The plaintiff brought suit for injuries and damages she alleges arose when a farming implement being pulled by a truck hit her vehicle. Following trial, the jury awarded the plaintiff $660.00 in past medical expenses and $2,800.00 in past lost wages. The plaintiff appeals, seeking additional damages. For the following reasons, we amend the underlying judgment to include an award for general damages and affirm as amended.

## Factual and Procedural Background

The plaintiff, Chrystal Corbello, instituted this matter seeking damages for injuries she alleges resulted from an August 26, 2006 accident on a highway outside of Lake Arthur, Louisiana. The plaintiff contends that, as she was proceeding in her Ford F-150 truck, she saw a truck pulling farming equipment coming toward her. The farming equipment was identified at trial as a crumblier[1] and, according to testimony, extended the width of the roadway.

In light of the crumblier's width, the plaintiff testified that she pulled her truck as far to the side of the road as possible. As the roadway at that point had only a partial shoulder, she stopped her truck in order the allow the crumblier to pass.

Ms. Corbello contends that the crumblier first hit the front of her vehicle and then its side panel. She alleges that the impact knocked the front portion of her truck into the adjacent ditch and that, at that time, she slumped to the floor, striking her knee. The plaintiff alleges that, as a result of this impact, she sustained right knee, neck, and back injuries. She attributes a subsequent knee surgery and complaints to all three areas of her body to the accident. She also claims that she is now unable to work.

---

[1] The record and briefs refer inconsistently to the equipment as either a "crumblier" or a "crumbler." For purposes of this opinion, we use the transcript's term of "crumblier."

Ms. Corbello named Kevin Berken, the driver of the other vehicle, his personal insurer, and Granite State Insurance Company (Granite), the insurer of the truck driven by Mr. Berken, as defendants. Mr. Berken did not deny the occurrence of the accident, but contested the extent of the impact as well as Ms. Corbello's injuries.

Prior to trial, Mr. Berken, in his individual capacity, and his insurer were dismissed from the proceeding due to a settlement. Thus, Granite and Mr. Berken, insofar as he was an insured under the Granite policy, remained in the suit. When the matter proceeded to trial with Granite and Mr. Berken, as a Granite insured, as the only defendants, the parties entered into a stipulation reflecting the $100,000.00 limit of Mr. Berken's insurance. Thereafter, the parties agreed that there would be no recovery under the Granite policy unless the damages were found to exceed $100,000.00.

The jury determined that Mr. Berken was negligent and that his negligence was a cause of injury. However, it did not award the full damages prayed for by Ms. Corbello. Instead, the jury awarded past medical expenses in the amount of $660.00 and past lost wages in the amount of $2,800.00. The jury made no awards for "past and present physical pain & suffering," "future physical pain & suffering," "past mental pain & suffering," "future mental pain & suffering," "future medical expenses," "future lost wages and earning capacity," "loss of enjoyment of life," and "disability." In light of the stipulation regarding the $100,000.00 policy limit, and the limited award made by the jury, the judgment memorializing the verdict dismissed Ms. Corbello's claim against Granite and Mr. Berken.

Ms. Corbello appeals, asserting that:

I.     It was manifest error to not award general damages where there is an award of special damages and objective symptoms.

2

II. It was manifest error to not award the full amount of the past medical bills.

III. It was manifest error [sic] in awarding nothing for future medicals when the evidence was uncontradicted that she was still symptomatic and undergoing treatment from this accident.

IV. It was manifest error for the jury to only award $2,800 in past wage loss and nothing for loss of earning capacity.

V. It was manifest error for the jury to make no award for loss of enjoyment of life.


**Discussion**

*Accident*[2]

The parties do not dispute that there was an impact between Ms. Corbello's truck and the crumblier pulled by Mr. Berken's truck. The dispute, which relates to the damages sought by Ms. Corbello, involves the significance of that impact. Ms. Corbello alleges an impact of such significance that it displaced the front portion of her stopped vehicle into the adjacent ditch. She contends that this impact, or fear thereof, caused continuing complaints to her back, neck, and left knee. The knee complaint resulted in her having a knee surgery in June 2009. The pain, the plaintiff argues, has resulted in depression and an inability to work. As stated above, she sought damages for all of these complaints, including medical expenses related to the surgery, treatment from a number of physicians, and future medical treatment.

Ms. Corbello testified that she saw Mr. Berken's truck approaching on the highway. As the crumblier was extending across the road, she stated that she "pulled over as much as [she] could without being completely in the ditch to give him the

---

[2] Ms. Corbello's assignments each address various types of damages. However, the jury's finding as to the nature of the accident itself is apparent from its limited award of damages. We find that it is necessary to use this determination as a starting point for our analysis of the assignments.

right of way, and he just kept on coming until, you know, he just tore up my truck." She stated that "the front end went in the ditch and the back end was still kind of out." She reasoned that her injuries occurred when, "[o]ut of fear" of the contact with the crumblier, she intentionally slid onto the floor. Ms. Corbello's boyfriend, Brandon Kibodeaux, testified similarly regarding the impact.[3] Mr. Kibodeaux explained that he had to help Ms. Corbello from the truck. Both Ms. Corbello and Mr. Kibodeaux testified that the impact resulted in the driver's door having to be pried open. Further, Ms. Corbello explained that the tailgate was knocked from the truck and had to be placed into the truck's bed.

However, Mr. Berken contends that the impact was minimal. He explained that he saw Ms. Corbello's truck pulled to the side of the road and that he maneuvered his truck and the crumblier into a position where he felt that he would not contact Ms. Corbello's truck. Mr. Berken stated that he was traveling at ten miles per hour, "at best." Mr. Berken denied contact between the crumblier and the front of Ms. Corbello's truck. He stated that only the crumblier's bottom disk contacted the side of the truck. Mr. Berken testified that, after the contact between the trucks, Ms. Corbello's truck was straight and parallel to the road, not in the ditch. Further, he stated that Ms. Corbello did not appear to have "slithered" down in the truck, but that she was in a leaning position to the right. Mr. Berken described the contact between the trucks as a "scraping" rather than an impact.

Mr. Berken's passenger, Richard Guillory, also testified as to a minimal impact, stating that there was no sound of impact and that, in his opinion, the Berken vehicle was not traveling as fast as the ten miles per hour testified to by Mr. Berken. Mr.

---

[3] Mr. Kibodeaux explained that when Ms. Corbello was on the floor, "[s]he was kind of at an angle where the hump's at on the floorboard."

Guillory also explained that, after the contact, Ms. Corbello's truck was not in the ditch. Mr. Guillory stated that, when the parties met at a parking lot away from the highway to report the incident, Ms. Corbello was driving, that it did not take her long to arrive at the parking lot, and that he did not see her having difficulty opening her door. Mr. Guillory, as well as Mr. Berken, explained that Ms. Corbello did not report injuries after the accident. Neither did the resulting accident report, compiled by the investigating trooper from the Louisiana State Police, indicate that the plaintiff reported injury.

The jury's award of damages indicates that the jury favored the version of events offered by Mr. Berken and Mr. Guillory. As will be discussed below, the medical expenses and past lost wages awarded were only a fraction of those that Ms. Corbello sought.[4] The jury's award generally followed the damages suggested by defense counsel during closing argument and related to approximately two months of treatment for soft tissue injuries and two months of inability to work. The jury very clearly rejected Ms. Corbello's account of an impact sufficient to have caused the type of injuries alleged. Furthermore, and as will be discussed below, the jury was also presented with photographs of the damage to the truck which it could have viewed as corroborating the defense's version of a minimal impact. Of course, reasonable evaluations of credibility and reasonable inferences of fact are left to the factfinder and are not to be disturbed by a reviewing court. *See Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996.

---

[4] Ms. Corbello's attorney's closing argument suggested various elements of damages, including: Past medical expenses - $68,220.98; future medical expenses - $690,543.00; past loss of earnings - $55,543.00; future loss of earnings - $498,036.00; past pain and suffering - $150,000; and future pain and suffering - $250,000.00.

With this framework in mind, we turn to Ms. Corbello's assignments regarding damages.

*General Damages*

Ms. Corbello first questions the jury's refusal to award general damages given its award of at least a portion of the medical damages and past lost wages. She notes that she reported for a medical evaluation two days after the accident and that she complained of pain almost immediately. However, much of this argument regarding general damages relates to Ms. Corbello's complaints from the time of the accident through the time of trial. As explained above, the jury determined that Ms. Corbello failed to prove that the totality of her complaints was caused by this accident.

Louisiana Civil Code Article 2315(A) provides that, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." However, the plaintiff must bear the burden of proving not only fault, but causation and damages as well. *See Austin v. Abney Mills*, 01-1598 (La. 9/4/02), 824 So.2d 1137; *Brannan v. Wyeth Labs., Inc.*, 526 So.2d 1101 (La.1988). Typically, a jury's determination as to the appropriate amount of damages is viewed as a factual finding and is subject to a review for abuse of discretion. *Youn v. Mar. Overseas Corp.*, 623 So.2d 1257 (La.1993). However, in cases like this one in which a factfinder has awarded medical expenses, but has declined to award general damages, the supreme court has clarified that the specific inquiry is "whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion." *Wainwright v. Fontenot*, 00-0492, p.8 (La. 10/17/00), 774 So.2d 70, 76. If the reviewing court finds an abuse of discretion, the court then conducts a de novo review of the record. *Id.*

6

In *Wainwright*, 774 So.2d 70, the supreme court found no abuse of discretion in a jury's determination that the plaintiff sustained medical expenses associated with a child's medication overdose and overnight hospital stay, but that no general damages were warranted. The supreme court explained that the jury could have reasonably concluded that the brevity of the overdose and hospitalization "resulted in no compensable pain and suffering." *Id.* at 77. Therefore, the supreme court found that an award of general damages on appellate review was inappropriate on the record before it.

The present case differs from *Wainwright*, however. The jury awarded medical damages to Ms. Corbello for approximately two months of treatment for what Dr. Brian Wilder, an internist, determined were soft tissue injuries. Further, given its award for past lost wages, the jury determined that the injuries were sufficient so as to prevent Ms. Corbello from returning to work during the time she was under Dr. Wilder's care. Dr. Wilder's testimony indicates that Ms. Corbello reported to him on September 6, 2006, complaining of left arm pain, neck pain, left leg pain, and low back pain. He presecribed an anti-inflammatory, a muscle relaxer, and a pain medication. By Ms. Corbello's September 20, 2006 visit, her complaints had narrowed to her neck and back and, at the time her of October 4, 2006 visit, Ms. Corbello reported that only her low back pain remained. At that time, Dr. Wilder continued Ms. Corbello's prescriptions. Finally, at Ms. Corbello's final visit with Dr. Wilder on October 18, 2006, she again reported low back pain. Dr. Wilder confirmed that his diagnosis for Ms. Corbello's complaints was cervical and lumbar strain.

Given the jury's awards of medical expenses and lost wages due to the inability to work, and in light of the medical testimony regarding Ms. Corbello's complaints

of pain to Dr. Wilder, we find that the failure to award general damages was an abuse of discretion. Accordingly, and pursuant to the de novo review standard set forth in *Wainwright*, we award $5,000.00 in general damages to Ms. Corbello for the pain reported between the accident and the time period she was under Dr. Wilder's care. We decline to make a greater award, as urged by Ms. Corbello, due to the jury's determination that she only proved entitlement to damages from this period of time.

*Medical Expenses*

Ms. Corbello next contends that the jury erred in not awarding the full amount of both past and future medical expenses. However, this again relates to Ms. Corbello's contention that she established that all of her complaints, including her knee injuries, resulted from the subject accident. Simply, the jury determined that Ms. Corbello failed to prove that the accident caused the totality of the claimed medical expenses.

The $660.00 awarded in past medical expenses reflects the expense for a $100.00 visit to Welsh Family Practice Clinic two days after the accident and $560.00 in expenses related to her treatment with Dr. Wilder. As stated above, these visits related to what were diagnosed as soft tissue injuries. Specifically, Ms. Corbello did not register right knee injury during these visits. Although the report from the Welsh clinic lists a crepitus right knee, arguably under the exam portion of the record, the report indicates that Ms. Corbello complained only of shoulder, neck, and lower back pain. This is consistent with Dr. Wilder's accounting of Ms. Corbello's visits and his denial that she reported pain in the left knee. Furthermore, and although Ms. Corbello denied having preexisting knee pain, the jury was also presented with a 2004 employment questionnaire in which she stated that she had "arthritis in knee

8

(right)." Although Ms. Corbello testified that she self-diagnosed arthritis at that time, that her knee pain resolved, and that she had not reported to a doctor for that condition, the jury could have rejected this explanation.

Additionally, and although it is unquestioned that Ms. Corbello registered knee complaints after she left Dr. Wilder's care and eventually underwent a procedure to improve her knee's condition, the jury was not required to find that the accident caused these subsequently reported knee problems in light of the period immediately following the accident in which she did not make such complaints to her physician. While subsequent treating physicians opined that her knee complaints were likely precipitated by this accident or by trauma to the knee, these opinions were based on Ms. Corbello's history of the accident immediately preceding the pain.

Accordingly, we find no abuse of discretion in the jury's limitation of medical expenses to Ms. Corbello's care at the Welsh Family Practice Clinic and with Dr. Wilder.

This assignment lacks merit.

*Wages*

Ms. Corbello next contends that the jury erred in awarding only $2,800.00 in past lost wages. Instead, she contends that, based on a forty-hour week at an earning rate of $8.00 per hour, she "had a past loss of earnings from the date of accident to date of trial of $55,543.00." She also contends that the evidence dictates an award of $498,036.00 for loss of earning capacity given her pain management physician's opinion that she is unemployable.

As explained in *Boyette v. United Services Automobile Association*, 00-1918 (La. 4/3/01), 783 So.2d 1276, a plaintiff seeking to prove actual wage loss must

9

positively demonstrate he or she would have been earning wages but for the accident in question. With regard to past lost wages, we do not find that the jury was clearly wrong in limiting Ms. Corbello's damages to $2,800.00. This award reflected the jury's determination that Ms. Corbello sustained only soft tissue injuries from this accident. As Ms. Corbello's testimony and evidence regarding her inability to work collapsed her knee injury with these soft tissue injuries, the jury was not clearly wrong in limiting her lost wages to that period of time she treated with Dr. Wilder and not awarding further damages for past lost wages or for loss of earning capacity.

This argument lacks merit.

*Loss of Enjoyment of Life*

In her final assignment, Ms. Corbello contends that the jury erred in failing to award her damages for loss of enjoyment of life. She points to evidence regarding her inability to participate in sports and her diminished mental and emotional status due to her injuries. As with the assignments, this evidence relates to the effects of all of Ms. Corbello's claimed injuries.

However, we note that the jury verdict sheet separated the components of general damages, listing the individual elements of physical pain and suffering, mental pain and suffering, and loss of enjoyment of life. This serves as the basis for her urging that a separate award should have been made for loss of enjoyment of life. Yet, Ms. Corbello's first assignment of error generally addresses the jury's failure to award "general damages." We, thus, addressed general damages collectively in discussion of the first assignment and have made a $5,000.00 award in this regard. We do not view this case as one that requires separating out an award for loss of enjoyment of life, as proposed by Ms. Corbello's final assignment of error as it would

10

be duplicative of the elements of the general damages we have awarded above. *See*

*McGee v. AC and S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770.

This assignment lacks merit.

## DECREE

The trial court's judgment is amended to include a $5,000.00 award for general

damages. We recast the judgment, in part, as follows:

> In accordance with the verdict rendered by the jury and the evidence in this matter and as amended by the Louisiana Court of Appeal, Third Circuit, to include an award for general damages in the amount of $5,000.00;
>
> IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered for defendants, Kevin Berken and Granite State Insurance Company, dismissing all claims of Chrystal Corbello with prejudice at plaintiff's costs.

The judgment is affirmed as amended. The appellant, Chrystal Corbello, failed to

prove damages in excess of the $100,000.00 policy limit of the underlying policy. As

such, she failed to prove her entitlement to recover under the policy issued by the

appellee in this case, Granite State Insurance Company. Accordingly, all costs of this

proceeding are assessed to the appellant, Chrystal Corbello.

**AFFIRMED AS AMENDED.**

11

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**10-710**


**CHRYSTAL CORBELLO**

**VERSUS**

**KEVIN BERKEN, ET AL.**


**THIBODEAUX, Chief Judge, concurring.**


I concur, but would increase the general damages to $20,000.00.